LPER CURIAM.
After carefully considering the facts and circumstances of this matter relative to the issue of recusal of the trial judge, we reverse the judgment of the trial court, dated September 8, 2000, which denied the motion to recuse filed by defendant Pacific Gulf Marine, Inc. (PGM). Because recusal was warranted, we vacate the judgments on the merits rendered on April 26, 2000, October 20, 2000, and October 24, 2000. We remand the matter to the district court to be allotted to a different division and retried.
In the instant case, attorney Wiley Beevers represented then candidate for judge Ross P. LaDart in an election dispute prior to his election to the bench in May 1999. On June 24, 1999, one day before Judge LaDart presided over a pretrial hearing in the instant litigation, Mr. Beevers enrolled as plaintiffs co-counsel of record. A portion of the bench trial was held August 25 through 28, 1999. It was not until September 27, 1999, that Mr. Beevers withdrew as counsel of record for Judge LaDart.
I ¡..The bench trial on the merits continued on various dates before Judge LaDart until March 2000, when the trial was concluded and the matter taken under advisement. Having discovered post-trial that there were grounds for recusal of Judge LaDart because of his relationship with Mr. Beevers, defendant PGM filed a motion to recuse. It is undisputed that neither Judge LaDart nor Mr. Beevers disclosed to the parties the fact that Mr. Beevers continued to represent Judge La-Dart while Judge LaDart was presiding over this litigation.
Defendant PGM perfected an appeal of the judgments on the merits for the plaintiff and the judgment denying its motion to recuse. The majority of the appellate court affirmed, finding that the legal representation of Judge LaDart by Mr. Beev-ers “had not been ongoing during trial of this matter.” However, we conclude Judge Thomas F. Daley’s dissent provides a proper analysis-of the recusal issue.
Louisiana Code of Civil Procedure article 151 provides in pertinent part:
B. A judge of any court, trial or appellate, may be recused when he:
*1146 [[Image here]]
(2) At the time of the hearing of any-contested issue in the cause, has continued to employ, to represent him personally, the attorney actually handling the cause ... and in this case the employment shall be disclosed to each party in the cause[.] (Emphasis added.)
The disclosure requirement is mandatory, providing a bright line rule that judges are required to follow. In denying the motion to recuse, the trial judge before whom the recusal hearing was held did not reference this mandatory requirement of Article 151(B)(2). Further, the appellate court majority erred in going beyond the express statutory provisions in determining when a judge is being represented by counsel.
The statute is clear that when the attorney continues to be employed and represents the judge personally, such representation shall be disclosed to the parties. _JjIt is unnecessary for courts to engage in evaluating the role the attorney played in representing the judge and the status of that litigation because Article 151 provides a mandatory rule regarding when disclosure is required.
As noted in Judge Daley’s dissent, the close proximity in time between establishing the attorney/client relationship of Mr. Beevers and Judge LaDart and Mr. Beev-ers’ enrollment in the case, further impacts the recusal issue. Also, we note that although the role of Mr. Beevers as attorney of record for Judge LaDart was short lived, Mr. Beevers apparently considered it necessary to formally conclude his representation by withdrawing as attorney of record during September 1999. The withdrawal occurred after trial on the merits had begun without disclosure to the parties of the fact of the attorney/client relationship.
Because there was an acknowledged failure to disclose the attorney/client relationship as mandated by LSA-C.C.P. art. 151(B)(2), we conclude that the recusal motion should have been granted. We remand the matter to the trial court for re-allotment to a different division and a new trial.
REVERSED AND REMANDED.